## Burns Pitts v. Commonwealth.

(Decided October 8, 1926.)

### Appeal from Breathitt Circuit Court.

1. Homicide.—Evidence in murder prosecution held sufficient to take case to jury.

2. Criminal Law—Exclusion of Evidence that Decedent's Wife Said, when Defendant Called, that Decedent had Gone to His Still, Held Immaterial, in View of Other Evidence.—Excluding evidence, in murder prosecution, that decedent's wife had said her husband had gone to his still when defendant called at their home, held immaterial, where evidence showed that decedent's wife did state to defendant that her husband had gone somewhere, and that defendant then left and returned with decedent and got whiskey from him.

3. Criminal Law—Exclusion of Evidence that Defendant did Not Attempt to Avoid Arrest Held Immaterial, where Record Showed no Such Effort on His Part.—Exclusion of evidence, in murder trial, that defendant telephoned witness and asked her to notify sheriff of his desire to surrender, held immaterial, where record showed no effort of defendant to avoid arrest.

4. Criminal Law—Error, if Any, on Cross-Examination of Defendant's Witness, in Admitting Testimony Showing Bad Moral Character of Defendant, Held Not Prejudicial, where His Bad Character was Proven by Other Evidence.—In prosecution for murder, error, if any, on cross-examination of defendant's witness who had testified that decedent's reputation for peace was bad, in admitting testimony that defendant's character was bad, held not prejudicial, where his bad character was abundantly proven by other evidence.

5. Criminal Law—Improper Argument of Counsel Held Not Ground for Reversal, where Defendant was Not Prejudiced.—Statement of prosecuting attorney that father' of juror had been employed as counsel by defendant to influence that juror, where record did not justify statement, while improper, held not ground for reversal, where consideration of whole record showed no prejudice to defendant.

A. F. BYRD for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Appellant and his brother, John L. Pitts, were jointly indicted charged with the murder of Jack Howard, one (J. L.) for shooting and wounding him with a pistol from which he died, and the other (appellant) by the use of a knife; and it is charged that each aided and abetted the other in the killing with the weapons and in the manner indicated.

On a separate trial appellant was found guilty of murder and given a life sentence, from which judgment he prosecutes this appeal, while John L. upon his separate trial was found guilty of manslaughter, from which judgment he also has appealed.

On the appeal of John L. there is this day handed down an opinion containing a recital of the essential facts upon that appeal, and in most respects they have equal application to the evidence upon this appeal, therefore it appears to be unnecessary to again detail those facts, although it may become necessary to supplement them somewhat.

Appellant did not testify on the trial of his brother, but upon his own trial he gave testimony which in its essential features is the same as that given by his brother and detailed in the other opinion. In addition it may be stated that the evidence for the Commonwealth on appellant's trial was probably more positive and convincing on one or two questions than as indicated in the opinion affirming the John L. Pitts appeal. For instance there are three or four witnesses for the Commonwealth who state positively that they were at the time in a house probably nearest to the place of the homicide, that they were each awake and that there were only five shots upon

that occasion from a pistol, and that those shots from the sound appeared to come from the same weapon. The same witnesses, or at least some of them, state positively, that when the two brothers came to that house a short time after the shooting, John L. Pitts emptied out on the hearth or into the ashes five empty shells from his revolver. Likewise the evidence upon this appeal by witnesses for the Commonwealth as to whether decedent had any cartridges in his pistol on that day, and as to whether the same was loaded at the time of the homicide, is probably more convincing than as stated in the other opinion. One witness for the Commonwealth states explicitly that a day or two before the homicide he and decedent had exchanged revolvers, but that on the morning of the homicide decedent had returned to the witness his pistol and taken back his own and that at the time his own pistol was thus returned to him there was only one cartridge in it. Other witnesses say that at a nearby store on that same day decedent had sought to purchase cartridges to fit his pistol and had either been denied them or had been told they had none. On these circumstances the jury was justified in finding that decedent during that day had only one cartridge in his revolver, and all the evidence shows that some hours before the homicide decedent, in the presence of both defendants, had fired one shot from that revolver.

Obviously, therefore, if the jury believed from this evidence that decedent at the time of the homicide had in his possession no loaded weapon, and could not, therefore, have opened fire on John L. Pitts, as appellants claim, and did not as indicated by the other evidence fire at all, they did not believe the evidence of the two defendants to the effect that decedent first opened fire on John L. Pitts, whereby appellant and his brother were each justified in the use of their weapons. From any view of the evidence, taken in connection with the proven threats shortly theretofore made by the two brothers, the case, was properly submitted to the jury, and appellant's first claim for reversal must, therefore, be denied.

Appellant stated that on the morning of the homicide when he and his brother first went to the home of decedent that decedent's wife said to them that her husband had gone over to his still, and this the court refused to permit to go to the jury. We regard this as wholly immaterial, as the whole evidence shows that decedent's

wife did state to appellant that her husband was not at home and had gone somewhere, and that appellant immediately went off and returned to the house in company with decedent. The vital things in this evidence were that decedent was not at home, that appellant went there looking for whiskey, that he went off looking for decedent and returned with him and got the whiskey.

The next complaint is that the court refused to permit a witness introduced by defendant to state that the two brothers telephoned to her on the night of the homicide and asked her to notify Vanderpool, a deputy sheriff, that they had killed decedent and wanted to surrender to him. The court declined to permit the witness to state that appellant referred to Vanderpool as a deputy sheriff, but did permit her to state that he had telephoned the witness and requested her to notify Vanderpool. The only purpose of this evidence was to show that appellant was not attempting to avoid arrest; but as there is nothing in the record to show that any such effort was made upon his part, it is wholly immaterial whether he telephoned to the officer in his official capacity, or at all.

After appellant had testified as a witness he called another witness who testified that the reputation of deceased for peace was bad; but on cross-examination witness was asked as to the general moral character of appellant and said that he had only been acquainted with it for about three months, but that it was bad. If this was error, which is not decided, it was not prejudicial because there was an abundance of other evidence as to defendant's bad character at the time of the homicide.

These are the only questions made upon the admission or rejection of evidence, and we have no difficulty in saying either that the court ruled properly upon each of them or that its ruling did not affect appellant's substantial rights.

In his closing argument to the jury the attorney for the Commonwealth stated that after the jury had been selected the father of one of the jurors so selected had been employed by defendant as counsel for the purpose of influencing that juror in his verdict, the father at the time being a practicing lawyer at that bar; whereupon defendant moved the court to set aside the swearing of the jury and to continue the case, which motion was overruled.

There is nothing in the record to justify this statement of counsel, and for that reason alone, if for no other, it must be and is condemned. But improper argument of counsel will not necessarily be seized upon by this court as a ground of reversal when upon the consideration of the whole record it appears to be without prejudice to the substantial rights of the defendant. There was no evidence upon which to base this statement, and the very objection made by counsel for defendant called its truth in question, and when, therefore, upon a consideration of the whole record it appears not to have been prejudicial, it will not be treated as reversible error.

The instructions are not called in question, and according to the evidence of the Commonwealth it was a vicious and unnecessary homicide, and we have failed to discover any error which authorizes a reversal of the judgment.

Judgment affirmed.